UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. C06-251-RSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| HA VAN TRAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense charged</u>:

Count 1. Conspiracy to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

Counts 2 through 5: Use of a Communication Facility to Facilitate a Drug Offense in violation of 21 U.S.C. § 843 (b).

<u>Date of Detention Hearing</u>: August 2, 2006.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges. As set forth below, the presumption is appropriately applied to defendant in this case.

(2) Defendant is facing up to 20 years of imprisonment if he is convicted of the charges in this case.

(3) Defendant has substantial family ties to Vietnam. In addition, he has recent visits and business ties to Vietnam.

(3) An immigration detainer has been filed against the defendant and he is currently in removal proceedings, which lessens his incentive to stay in the United States.

(4) Defendant has previous serious assault convictions and a witness intimidation conviction.

(5) The alleged violations at issue took place while the defendant was on state supervision.

(6) There are no conditions or combination of conditions other than detention that will reasonably assure the presence to the defendant as required or the safety of the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with

counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this <u>2nd</u> day of August, 2006.

<u>s/ James P. Donohue</u>
United States Magistrate Judge
